**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SMILEDIRECTCLUB, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CANDID CARE CO.,<br><br>        Defendant. | C.A. No. 6:20-cv-01115-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS CONTINGENT MOTION TO TRANSFER**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | THE '599 PATENT CLAIMS AND INFRINGEMENT ALLEGATIONS ARE VIRTUALLY IDENTICAL TO THE '522 PATENT CLAIMS AND INFRINGEMENT ALLEGATIONS | 1 |
| II. | SDC UNEQUIVOCALLY PUT THE '599 PATENT CLAIMS INTO CONTROVERSY IN *DELAWARE CASE I* | 2 |
| III. | DIFFERENT PATENTS ASSERTED IN THE RESPECTIVE CASES DO NOT DEFEAT THE "FIRST-FILED" RULE | 2 |
| IV. | A FIRST-FILED CASE RETAINS ITS STATUS PENDING APPEAL | 4 |
| V. | DISTINCT EXCEPTIONS TO THE FIRST-FILED RULE EXIST APART FROM THE CONVENTIONAL §1404(a) FACTORS | 5 |

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. v. Johnson & Johnson, Inc.*,
   524 F. Supp. 2d 553 (D. Del. 2007) .............................................................................................. 3

*Cellectis S.A. v. Precision Biosciences, Inc.*,
   858 F. Supp. 2d 376 (D. Del. 2012) .............................................................................................. 4

*Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*,
   432 F. Supp. 956 (D. Del. 1977) *aff'd* 577 F.2d 725 (3d Cir. 1978) ....................................... 3, 5

*Cummins-Allison Corp. v. Glory Ltd.*,
   No. Civ. A. 2-03-CV-358TJ, 2004 WL 1635534 (E.D. Tex. May 26, 2004) ............................. 3

*Document Gen. Corp. v. Allscripts, LLC*,
   No. 6:08-cv-479, 2009 WL 2824741 (E.D. Tex. Aug. 27, 2009) ................................................ 3

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ...................................................................................................... 5

*In re Nitro Fluids L.L.C.*,
   978 F.3d 1308 (Fed. Cir. 2020) .................................................................................................... 5

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .................................................................................................... 5

*Mann Mfg., Inc. v. Hortex, Inc.*,
   439 F.2d 403 (5th Cir. 1971) .................................................................................................... 3, 5

*Shizzle Pop, LLC v. Wham-O, Inc.*,
   No. CV 10-3491 PA (FFMx), 2010 WL 3063066 (C.D. Cal. Aug. 2, 2010) ............................. 4

*Southeast Power Grp., Inc. v. SAP Am., Inc.*,
   No. 2:20-cv-00398-JMG, 2020 U.S. Dist. LEXIS 148624 (E.D. Pa. Aug. 18, 2020) ................ 5

*Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*,
   No. Civ. 05-853-SLR, 2006 WL 1749399 (D. Del. Jun. 21, 2006) ............................................ 4

*Uniloc 2017 LLC v. Apple Inc.*,
   Civ. No. 6-19-CV-00532-ADA, 2020 WL 3415880 (W.D. Tex. Jun. 22, 2020) ....................... 4

SDC (1) relies too heavily on its assertion that the '599 patent is a "different patent" from the '522 patent first asserted in Delaware, rather than focusing on the claimed inventions of the respective patents and the respective allegations of infringement; (2) turns its back on its own actions and representations unequivocally putting the claims of the '599 patent into controversy first in Delaware in arguing for patent eligibility and attempting to secure a preliminary injunction; and (3) ignores Fifth Circuit precedent in favor of non-binding, distinguishable district court cases.  Critically, SDC fails to dispute that should it have its way in the *Delaware Case I* appeal, it will be litigating virtually identical lawsuits in both this District and in the District of Delaware, a result the first-filed rule seeks to avoid.

I. **THE '599 PATENT CLAIMS AND INFRINGEMENT ALLEGATIONS ARE VIRTUALLY IDENTICAL TO THE '522 PATENT CLAIMS AND INFRINGEMENT ALLEGATIONS**

The crux of SDC's opposition is that the '599 and '522 patents are different patents and its infringement allegations here are different from those in *Delaware Case I*.  While the '599 and '522 patents bear different numbers, their substance is virtually identical,[1] the asserted claims are directed to the same invention, and SDC's infringement allegations against Candid's Studio workflow and business model are virtually identical in the two complaints.

A comparison of the claims of the '599 and '522 patents demonstrates that they are virtually identical.  D.I. 24-4 (claim comparison).  In this same vein, a redline comparison of the infringement allegations in the two complaints show that any differences are at most superficial. *See* Ex. 1.  The supposed evidence of Candid's alleged infringement in the respective complaints is identical, with only the "last visited" date changing.  *Compare* D.I. 1, ¶¶ 41-53 with *Delaware Case I*, D.I. 1, ¶¶ 39-50; *see* Ex. 1.  Moreover, there are only immaterial differences in the claim

---

[1] The '599 patent is a continuation of the '522 patent and shares a common specification.

1

language and SDC's complaint that do not alter the substantial overlap of the infringement allegations in the respective cases.  Ex. 1.  Nor has SDC even attempted to explain how the minor word-choice changes between the '599 and '522 patent claims avoids a finding of "substantial overlap" of the respective lawsuits.

Simply put, SDC's infringement allegations in the instant action are substantially the same as its infringement allegations in *Delaware Case I*—SDC is asserting that its claimed abstract invention of providing clear aligners directly to patients without the dentist or orthodontist ever having physically seen the patient is infringed by Candid's Studio workflow and business model.  The parties are the same, the accused system and methods are the same, and the asserted patents are virtually identical and directed to the same purported invention.

## II.   SDC UNEQUIVOCALLY PUT THE '599 PATENT CLAIMS INTO CONTROVERSY IN *DELAWARE CASE I*

SDC cannot credibly argue that it did not put the '599 patent claims into controversy in *Delaware Case I*.  Indeed, it was SDC itself that introduced those claims into the controversy in *Delaware Case I* in arguing for patent eligibility and in an attempt to secure a preliminary injunction against Candid.  *See* D.I. 24, at 4.  Recognizing that it inescapably tied the '522 patent claims to the '599 patent claims, SDC now attempts to cast aside its remarks as having no consequence because the '599 patent had not issued at the time they were made.  While the claims may not have issued, they were allowed and were introduced by SDC in *Delaware Case I* to further its interests.

## III.  DIFFERENT PATENTS ASSERTED IN THE RESPECTIVE CASES DO NOT DEFEAT THE "FIRST-FILED" RULE

SDC argues that the '599 patent is a different patent than the '522 patent, and that this alone somehow defeats substantial overlap under the first-filed rule.  SDC also accuses Candid

of "incorrectly assum[ing] that anytime SDC asserts a patent in the same family as the '522 patent, it must assert it in the District of Delaware." D.I. 25, at 2.  Candid has made no such broad allegation, and rather simply applies controlling precedent and focuses on the substantial overlap between the '599 patent infringement allegations in the instant action and the '522 patent infringement allegations in *Delaware Case I*.

The Fifth Circuit in *Mann* and the Third Circuit in *Cosden Oil* clearly held that an earlier-filed case involving one patent can be the first-filed case vis-à-vis a case involving a different but related patent where the issues between the cases "substantially overlap" and where the later-issued patent is "part and parcel of the controversy" surrounding the originally asserted patent in the earlier-filed case.  *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971); *Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 960 (D. Del. 1977) *aff'd* 577 F.2d 725 (3d Cir. 1978).  So too here.  It is incontrovertible that SDC made the '599 patent "part and parcel of the controversy" in *Delaware Case I*, and *Delaware Case II* is an extension of that case while *Delaware Case I* is up on appeal.

The cases cited by SDC involved very different sets of circumstances from the circumstances here and are easily distinguishable.  *See Document Gen. Corp. v. Allscripts, LLC*, No. 6:08-cv-479, 2009 WL 2824741, at *2 (E.D. Tex. Aug. 27, 2009) (holding that the overlap between the two cases was "insubstantial"); *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 555 (D. Del. 2007) (holding that the court was divested of subject matter jurisdiction of the first-filed case based on a covenant not to sue); *Cummins-Allison Corp. v. Glory Ltd.*, No. Civ. A. 2-03-CV-358TJ, 2004 WL 1635534, at *1 (E.D. Tex. May 26, 2004) (court initially seized of the controversy refused to permit the additional patents into the case, and the later-filed declaratory judgment case was assigned to a different judge based on the

earlier judge's refusal to add those patents); *Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, No. Civ. 05-853-SLR, 2006 WL 1749399, at *4 (D. Del. Jun. 21, 2006) (finding that the additional patents involved "different aspects" of technology); *Uniloc 2017 LLC v. Apple Inc.*, Civ. No. 6-19-CV-00532-ADA, 2020 WL 3415880, at *1 (W.D. Tex. Jun. 22, 2020) (in a case not involving the first-filed rule, this Court refused to transfer cases simply based on other prior cases being transferred to another district and recognized that the asserted patent involved "different technology" from those other cases); *Shizzle Pop, LLC v. Wham-O, Inc.*, No. CV 10-3491 PA (FFMx), 2010 WL 3063066, at *2 (C.D. Cal. Aug. 2, 2010) (refusing to apply the first-filed rule to a patent mismarking dispute where the plaintiffs in the respective cases were different and the allegations of mismarking related to different patents); *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 384-85 (D. Del. 2012) (refusing to apply the first-filed rule where the patents were related to different technology than that involved in the earlier-filed lawsuit).

Here, the parties are the same, the accused Candid Studio workflow and business model are the same, and the inventions claimed by the '522 patent and the '599 patent are the same, *i.e.*, sending aligners directly to patients without the dentist or orthodontist physically seeing the patient. Moreover, the Delaware Court has not been divested of its subject matter jurisdiction over the controversy between the parties, Judge Connolly is assigned to both *Delaware Case I* and *II*, and Judge Connolly has not refused to hear *Delaware Case II*. Simply put, the factual circumstances in this case are significantly different from those in the cases cited by SDC.

## IV. A FIRST-FILED CASE RETAINS ITS STATUS PENDING APPEAL

It is clear that a case pending appeal retains its status as the first-filed case. *See* D.I. 24 at 5-6 (collecting cases). Moreover, it is incontrovertible that substantial overlap between the cases is all that is required for the first-filed rule to be applicable, even where different patents are

involved. *See, e.g.*, *Mann Mfg.*, 439 F.2d at 407; *Cosden Oil*, 432 F. Supp. 956 at 960. Applying both of these lines of precedent together, the earlier-filed case retains its status against a later-filed case (even one involving a different patent) if the issues between the cases substantially overlap and the later-issued patent is part and parcel of the controversy involving the originally asserted patent. That is the case here—the issues are virtually identical between *Delaware Case I* (pending appeal)—and by extension *Delaware Case II*— and the instant action, despite SDC's feeble pleas that the patents are different and that its claims for infringement are different.

Critically, SDC fails to dispute that should it have its way in the *Delaware Case I* appeal, it will be litigating virtually identical lawsuits in both this District and in the District of Delaware, a result the first-filed rule seeks to avoid. *See, e.g., Southeast Power Grp., Inc. v. SAP Am., Inc.,* No. 2:20-cv-00398-JMG, 2020 U.S. Dist. LEXIS 148624, at *10 (E.D. Pa. Aug. 18, 2020); D.I. 24, at 9.

### V.   DISTINCT EXCEPTIONS TO THE FIRST-FILED RULE EXIST APART FROM THE CONVENTIONAL §1404(a) FACTORS

While it is certainly true that the § 1404(a) factors *may* be used to establish an exception to the first-filed rule in the case of two substantially overlapping proceedings, *see In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311-12 (Fed. Cir. 2020), exceptions also exist where a party files a later suit in a different district to avoid unfavorable decisions of the initial court. *See Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir. 1993) (recognizing forum-shopping as an exception to the first-filed rule); *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (same). In those cases, a party is not seeking to transfer under the 1404(a) convenience factors, but in the interests of justice and out of principles of comity. *Cf. id.* (neither *Genentech* nor *Kahn* analyzing the conventional § 1404(a) factors while recognizing additional exceptions to the first-filed rule exist).

5

Dated: March 17, 2021

Respectfully submitted,

*/s/ Michael P. Sandonato (w/permission Wesley Hill)*

Michael P. Sandonato (admitted *pro hac vice*)
Venable LLP
1270 Avenue of the Americas
New York, New York 10104
(212) 307-5500 (telephone)
(212) 307-5598 (facsimile)
mpsandonato@venable.com

Wesley Hill (Texas Bar. No. 24032294)
Andrea L. Fair (Texas Bar. No. 24078488)
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (main line)
(903) 757-2323 (facsimile)
wh@wsfirm.com
andrea@wsfirm.com

*Attorneys for Defendant Candid Care Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 17, 2021.

/s/ *Wesley Hill*