**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **SMILEDIRECTCLUB, LLC,** §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**CANDID CARE CO.,** §<br>*Defendant.* § | **CIVIL NO. 6:20-CV-01115-ADA** |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss based on collateral estoppel. ECF No. 12. After considering the parties' briefs, oral arguments, and applicable law, the Court **DENIES** Defendant's Motion for the following reasons.

### I.   BACKGROUND

Defendant Candid Care, Co. ("Candid") states that collateral estoppel bars plaintiff SmileDirectClub, LLC ("SDC") from asserting the sole patent asserted in this case: U.S. Patent No. 10,861,599 (the "'599 patent"). On April 29, 2020, SDC filed a first lawsuit against Candid in the District of Delaware (the "Delaware Action"), asserting that Candid infringed U.S. Patent No. 10,636,522 ("the '522 patent").[1] ECF No. 12 at 2. Candid moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the account that claims of the '522 patent are invalid under 35 U.S.C. § 101 as directed to patent-ineligible matter. *Id*. The motion was fully briefed and, on November 4, 2020, the Delaware court heard oral arguments from the parties for the motion. *Id*. at 3. On December 7, 2020, the Delaware court issued an opinion finding that the '522 patent was invalid under § 101 for claiming patent-ineligible subject matter and dismissed SDC's

---

[1] *SmileDirectClub, LLC v. Candid Care Co.*, No. 1:20-0583-CFC, 2020 WL 7190797 (D. Del. Dec. 7, 2020), *appeal docketed*, No. 21-1446 (Fed. Cir. Dec. 22, 2020).

1

complaint. ECF No. 17 at 4. The Delaware court did not construe any claim terms of the '522 patent before finding the '522 patent invalid under § 101. *Id*. SDC's appeal of the Delaware court's decision is currently pending before the Federal Circuit. ECF No. 12 at 8 n.3.

While the § 101 validity issue of the '522 patent was pending in the Delaware Action, SDC was prosecuting U.S. Patent Application No. 16,859,950 (the "'950 Application"), a continuation of the '522 patent, before the USPTO. ECF No. 12 at 2-3. After briefing on Candid's motion to dismiss in the Delaware Action was completed, SDC submitted both parties' briefing on the '522 patent's § 101 validity issue to the USPTO for consideration of the '950 Application. *Id*. at 3; ECF No. 17 at 5-6. On December 8, 2020, a day after the Delaware court's opinion invalidating the '522 patent, the USPTO granted the '950 Application, which was later issued as the '599 patent.

On December 8, 2020, the day the '599 patent was issued, SDC filed the current lawsuit against Candid in this Court, alleging that Candid has infringed at least claims 16-25 of the '599 patent. ECF No. 1. On January 4, 2021, Candid filed the instant motion to dismiss SDC's complaint, asserting that SDC is collaterally estopped by the Delaware court's opinion finding the '522 patent invalid. SDC filed a response on January 19, 2021 (ECF No. 17), and Candid filed a reply on January 26, 2021 (ECF No. 18). On February 19, 2021, the Court held a hearing for this case, where the parties presented oral arguments for the motion. ECF No. 22.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)

A party may move to dismiss a claim if the complaint has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them in the light most favorable to the non-moving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

    **B.**    **Collateral Estoppel**

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). "The issue of whether to apply collateral estoppel is a question of law." *Bradberry v. Jefferson Cty.*, Tex., 732 F.3d 540, 549 (5th Cir. 2013). Thus, the issue of whether to apply collateral estoppel may be properly addressed in a motion to dismiss. *See, e.g.*, *NetSoc, LLC v. Oath Inc.*, No. 18-CV-12267 (RA), 2020 WL 419469, at *1 (S.D.N.Y. Jan. 24, 2020); *Arunachalam v. Exxon Mobil Corp.*, No. 6:19-CV-00171-ADA, 2019 WL 10303695, at *1 (W.D. Tex. June 26, 2019). Regional circuit law governs the general procedural question of whether collateral estoppel (i.e., issue preclusion) applies, but Federal Circuit law governs questions involving substantive issues of patent law. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). For example, "the question whether a particular claim in a patent case is the same as or separate from another claim has special application to patent cases, and [a court should] therefore apply [Federal Circuit] law to that issue." *Ohio Willow*, 735 F.3d at 1342 (citations omitted). The Fifth Circuit has held that collateral estoppel applies if: "(1) the identical

issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision."[2] *Bradberry*, 732 F.3d at 548.

## III. DISCUSSION

### A. The § 101 validity issue in this case is not identical to the one previously adjudicated in the Delaware case

Candid contends that collateral estoppel bars SDC from asserting that the claims of the '599 patent are invalid under § 101 based on the Delaware court's opinion finding the '522 patent invalid under § 101. A ruling on an issue in a prior judgment can have preclusive effect even if the issue is raised in a later case involving different patents and different claims. *See Ohio Willow*, 735 F.3d at 1342. The patent claims need not be identical, but "substantially related" so that the issues of validity are materially the same. *Id*. "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Id*. However, a patent is not materially the same merely because it is closely related. *e.Digital Corp. v. Futurewei Tech., Inc.*, 772 F.3d 723, 727 (Fed. Cir. 2014). "A continuation-in-part, for instance, may disclose new matter that could materially impact the interpretation of a claim, and therefore require a new claim construction inquiry." *Id*. A court must therefore make an independent determination that the issues of invalidity are identical in each patent related to an invalidated patent before applying collateral estoppel. *Id*.

Candid argues that the asserted claims 16-25 of the '599 patent in this case are substantially identical to claims 1-10 of the '522 patent, which the Delaware court found invalid. ECF No. 12 at 9-13. Candid provides a chart comparing claim 16 of the '599 patent with claim 1

---

[2] The Fifth Circuit also recognizes a fourth element, namely, "whether there are any special circumstances that make it unfair to apply the doctrine" of collateral estoppel. *Bradberry*, 732 F.3d at 548. However, this element is only considered in offensive use of collateral estoppel by the plaintiff. *Id.* at 548-549; *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013). The fourth element does not apply in this case since it involves defensive use of collateral estoppel by the defendant.

of the '522 patent, showing that the differences between the two claims include, among others, that claim 16 of the '599 patent requires "wherein the technician is not a dentist or an orthodontist," but claim 1 of the '522 patent does not have such a requirement. *Id*. at 10-11. SDC counters that the listed differences between the two claims show that those claims are not identical. ECF No. 17 at 9. Further, SDC argues that "there is at least one clear and significant difference between the '522 patent and the '599 patent" with respect to their prosecution histories. *Id*. at 8. That is, before the USPTO issued the '599 patent, it reviewed and considered the parties' briefing regarding the invalidity of the '522 patent under § 101 in the Delaware Action, and yet the USPTO found the claims the '599 patent eligible under § 101. *Id*. at 7-8.

Although there is significant overlap between the claims of the '599 patent and the '522 patent, the Court does not believe that it is in the position to fully evaluate the scopes of and differences between the two patents at this stage of the litigation. This Court has not had a chance to construe any claim terms of the asserted '599 patent in light of the claim languages, written description, and prosecution history. Nor did the Delaware court construe any claim terms of the '522 patent. Without a full understanding of the claimed subject matter and the real significances of the apparent differences between the claim languages of the '599 patent and the '522 patent, it would be unwise for the Court to determine whether the '599 patent is ineligible or not under § 101 at this stage of the case. *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) ("[I]t will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter."). This is even so when the '599 patent is presumed to be valid and requires clear and convincing evidence to prove its invalidity. *See Slyce Acquisition Inc. v. Syte -*

5

*Visual Conception Ltd.*, No. 6:19-CV-00257-ADA, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020). For this reason, this Court pointed out in *Slyce* that "a Rule 12(b) motion to dismiss is a procedurally awkward place for a court to resolve a patent's § 101 eligibility" and therefore refused to decide whether a patent is invalid under § 101 before claim construction. *Id*. at *5 ("Therefore, because claim construction can affect—and perhaps, in most cases, will affect—a court's § 101 eligibility analysis, the Court believes that it is generally wiser—and more efficient—to wait to determine a patents § 101 eligibility until after issuing its claim construction order." (emphasis in original)).

Here, in its motion to dismiss, Candid does not ask the Court to directly determine whether the claims of the '599 patent are invalid under § 101. Rather, it asks the Court to take a huge leap away from its *Slyce* opinion to find the '599 patent invalid under § 10. Specifically, Candid asks the Court to (1) presume that the '522 patent is invalid under § 101 based on the Delaware court's decision while that decision is still pending appeal before the Federal Circuit, (2) presume that the apparent differences between the claims of the '599 patent and the '522 patent to be "superficial" and "wholly immaterial" (ECF No. 12 at 9 and 12) before the Court could have a chance to closely examine the claim difference with the benefit of claim construction, and (3) apply collateral estoppel to find the '599 patent invalid under § 101. The Court refuses to entertain this far-fetched invitation based on two unsound presumptions.

Further, the Delaware's decision finding the '522 patent invalid under § 101 is still pending appeal before the Federal Circuit. If this Court finds that SDC is collaterally estopped from asserting the '599 patent in this case and the Delaware ruling is overturned by the Federal Circuit, SDC would be left without the ability to collect damages with respect to the infringement of the '599 patent. *Sound View Innovations, LLC v. Walmart Inc.*, No. CV 19-660-

CFC-CJB, 2019 WL 7067056, at *4 (D. Del. Dec. 23, 2019), *report and recommendation adopted*, No. CV 19-660-CFC/CJB, 2020 WL 136864 (D. Del. Jan. 13, 2020). Therefore, again, it would be unwise for this Court to apply collateral estoppel and bar the assertion of the '599 patent at this stage of the case while appeal for the '522 patent is still pending. This is even so given the lack of clarity from the current state of law regarding patent eligibility under § 101. *See, e.g., Interval Licensing LLC v. AOL, Inc*., 896 F.3d 1335, 1348 (Fed. Cir. 2018) ("[T]he current state of the law regarding what inventions are patent eligible [under § 101] . . . renders it near impossible to know with any certainty whether the invention is or is not patent eligible.") (Plager, J., concurring-in-part and dissenting-in-part). Indeed, the Delaware court itself recognizes in a different case that "analysis under Section 101 . . . is a particularly complex, ever-evolving area of patent law" and "in light of the unsettled state of the law with respect to Section 101, appellate reversal is certainly possible." *Sound View*, 2019 WL 7067056, at *4. Consequently, the Delaware court in *Sound View* found that a previous decision by a different court finding a patent invalid under § 101 is not "'sufficiently firm' such that it should be accorded preclusive effect" under the doctrine of collateral estoppel. *Id*. This Court agrees.

### B.     The remaining two collateral estoppel elements are met

The Court finds that the remaining two collateral estoppel elements – " (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision" – are met in this case. Under Fifth Circuit precedent, an issue is "actually litigated" for collateral estoppel purposes when "the issue is raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d 264, 273 (5th Cir. 2005) (quotation omitted). The parties fully briefed the § 101 issue of the '522 patent in the Delaware Action, and the Delaware court held a hearing for the briefing and then issued a written opinion based on the briefing and oral arguments. Thus, this Court finds that the § 101 issue of the '522 patent was actually

7

litigated in the Delaware Action. Further, the parties do not dispute that the Delaware court's determination on the § 101 validity issue was necessary to the court's decision.

## IV.     CONCLUSION

For the reasons above, the Court finds that collateral estoppel does not apply to this case and therefore **DENIES** Defendant's Motion to Dismiss.

SIGNED this 1st day of July, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE