IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SMILEDIRECTCLUB, LLC,<br>*Plaintiff*<br><br>-v-<br><br>CANDID CARE CO.,<br>*Defendant* | §<br>§<br>§   6:20-CV-01115-ADA<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Candid Care Co.'s ("Candid") Motion to Transfer under the first-to-file rule. ECF No. 24. After considering the parties' briefs and oral arguments and the applicable law, the Court is of the opinion that Candid's Motion should be **GRANTED**.

### I.   BACKGROUND

This case is part of a prolonged litigation battle between Plaintiff SmileDirectClub, LLC ("SDC") and defendant Candid. SDC filed a first lawsuit against Candid on April 29, 2020 in the District of Delaware (Case No. 1:20-cv-0583-CFC, hereinafter "*Delaware I*"), alleging infringement U.S. Patent No. 10,636,522 ("the '522 patent"). On December 7, 2020, Judge Connolly issued an opinion finding that the '522 patent was invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter and dismissed SDC's complaint.[1] The next day, on December 8, 2020, U.S. Patent No. 10,861,599 ("the '599 patent"), a continuation of the '522 patent, was issued to SDC. The day the '599 patent was issued, SDC immediately filed the instant lawsuit against Candid in this Court, alleging infringement of the '599 patent. Two weeks later, on December 23, 2020, Candid filed a declaratory judgment action in the Declare court, alleging, among others, invalidity and non-infringement of the '599 patent (Case No. 1:20-cv-

---

[1] *SmileDirectClub, LLC v. Candid Care Co.*, No. 1:20-cv-0583-CFC, 2020 WL 7190797 (D. Del. Dec. 7, 2020), *appeal docketed*, No. 21-1446 (Fed. Cir. Dec. 22, 2020).

1

01764-CFC, hereinafter "*Delaware II*"). On January 19, 2021, SDC moved the Delaware court to dismiss or transfer Candid's declaratory judgment action under the first-to-file rule. On July 30, 2021, Judge Conolly denied SDC's motion in *Delaware II*, finding that "[a]lthough the Texas case is, at least technically, the first-filed case involving the '599 patent, . . . application of the first-filed rule is not appropriate here . . . . [because] granting [SDC's] motion would stymie, not promote judicial economy." No. 1-20-cv-01764, Dkt. 15 at 6.

Meanwhile, in Texas, Candid filed the instant Motion to Transfer on February 26, 2021, requesting the Court to transfer this case to Delaware under the first-to-file rule. ECF No. 24. The motion was subsequently fully briefed (ECF Nos. 25 and 27), and the Court held a hearing for the motion on July 22, 2021.

## II.   DISCUSSION

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (quotation and citation omitted). Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a later-filed duplicative action. *Id*. "The general rule is that the first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Id*. (citation omitted); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."). However, "trial courts have discretion to make exceptions to this general rule in the interest of

justice or expediency and . . . such exceptions are not rare." *Id*. (internal quotation marks omitted) (citing *Micron Tech., Inc. v. Mosaid Techs., Inc*., 518 F.3d 897, 904 (Fed. Cir. 2008).

Although this action is the first-filed case involving the '599 patent, as SDC contends (ECF No. 25 at 2), the Court finds that judicial economy requires this Court to transfer this case to the Delaware court. In *Delaware I*, SDC represented to the Delaware court that the claims of the '599 patent are "very, very similar, if not identical" to the '522 patent claims. ECF No. 24 at 6. The '522 patent has already been extensive litigated before Judge Connolly in *Delaware I*. Indeed, in his July 30, 2021 opinion in *Delaware II*, Judge Connolly noted that he had "already studied the '522 patent and can therefore efficiently and expeditiously rule on matters relating to the '599 patent." *Delaware II*, No. 1-20-cv-01764, Dkt. 15 at 6. Therefore, it would be inefficient and injudicious for this Court to duplicate Judge Connolly's effort.

The Court recognizes that a plaintiff's choice of forum is generally entitled to certain degree of deference. *See In re Volkswagen of Am., Inc*., 506 F.3d 376, 381 (5th Cir. 2007). However, forum shopping is one of the situations where courts may disregard the plaintiff's forum choice. *See Kahn v. Gen. Motors Corp*., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (recognizing "two situations that may justify a departure from the first-filed rule of priority," one of which is "where forum shopping alone motivated the choice of sites for the first suit"). In seeking a preliminary injunction in *Delaware I*, SDC represented to the Delaware court that it intended to add the '599 patent to that case upon issuance (ECF No. 24 at 1; No. 24 Ex. 1 at 11-12, n.1), yet it turned around and filed suit for the '599 patent in this Court after unfavorable rulings from the Delaware court. This is exactly the forum shopping situation that the Federal Circuit in *Kahn* warned against, and this Court does not and will not encourage such blatant forum shopping.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant Candid's Motion to Transfer. The Court hereby **ORDERS** that this case is **TRANSFERRED** to the United States District Court for the District of Delaware.

SIGNED this 5th day of August, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE